UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MOHAMED MUSAID,

                                    Plaintiff,              9:23-CV-0257
                                                            (BKS/CFH)
                    v.

DONNER, et al.,

                                    Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

MOHAMED MUSAID
Plaintiff, pro se
16-A-1673
Attica Correctional Facility
Box 149
Attica, NY 14011

BRENDA K. SANNES
Chief United States District Judge

**DECISION AND ORDER**

## I.      INTRODUCTION

        On February 27, 2023, pro se plaintiff Mohamed Musaid ("plaintiff") commenced this

action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an

application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP

Application").  The complaint contained allegations of wrongdoing that occurred, if at all, while

plaintiff was confined at Clinton Correctional Facility ("Clinton C.F.").  *See generally* Compl.

        By Decision and Order filed on March 22, 2023 (the "March Order"), this Court granted

plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28

U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 12.  The Court found that

plaintiff's Eighth Amendment excessive force claims against defendant Officer Donner ("Donner") survived review and required a response.  *See id*.  The Court dismissed plaintiff's § 1983 claims for monetary damages against Clinton C.F. with prejudice and all remaining claims, without prejudice.  *See id*.

On March 24, 2023, a summons was issued to Donner.  Dkt. No. 9.  On April 12, 2023, the summons was returned "unexecuted"  with a letter from the New York State Department of Corrections and Community Supervision ("DOCCS") indicating that "[b]ased upon information provided, we are unable to identify Correction Officer Donner listed in the lawsuit. Dkt. No. 12.  On September 14, 2023, the court wrote to plaintiff, requesting that he send any additional information he had regarding Donner.  Dkt. No. 15.  Plaintiff failed to respond to the Court's correspondence.

On January 26, 2024, the Court issued an Order noting, "[i]n order for this case to proceed against defendant Donner, he must be served" and, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d. Cir. 1997) (per curiam), the Court directed the New York State Attorney General's Office "to attempt to ascertain the identity and/or location of defendant Donner, as well as the address at which he may be served with process."  Dkt. No. 16.  The New York State Attorney General's Office was directed to produce the information within thirty (30) days of the filing date of the Order.  *Id*.

On February 18, 2024, the Attorney General's Office responded and advised that Officer Robert Donah ("Donah") was involved in a use of force incident with plaintiff.  Dkt. No. 18.  Donah authorized DOCCS to accept service on his behalf.  *Id*.

On March 28, 2024, the Court issued an Order directing plaintiff to amend his complaint with the correct identity of the defendant.  Dkt. No. 19.

Plaintiff's amended complaint is now before the Court for review.  Dkt. No. 21 ("Am. Compl.").

## II.  SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the March Order and will not be restated in this Decision and Order.  *See* Dkt. No. 12 at 2-4.

### B.  Summary of Amended Complaint

With the amended complaint, plaintiff substitutes defendant Donah for Donner.[1]  *See generally* Am. Compl.   Plaintiff also includes a new defendant, "Medical Doctor."[2]  *See id.*

On March 24, 2021, Donah arrived at plaintiff's cell to escort him for his "monthly medical shot."  Am. Compl. at 2.  Plaintiff refused the shot due to the "drastic physical side effects" he experienced including "the violent shaking of [his] limbs."  *Id*.  Donah directed plaintiff to put his hands behind his back.  *Id*.  Plaintiff could not comply because he could not stop his hands from shaking.  *Id*.  In an effort to "regain control," he placed his hands near the window pane."  Am. Compl. at 3.

Donah grabbed plaintiff from behind, twisted his arm, and grabbed his head. Am. Compl. at 3.  Donah attempted to "slam [plaintiff's] head into a nearby table."  *Id*.  Plaintiff fell to the ground and Donah proceeded to "assault" him.  *Id*.

Plaintiff's "ribs felt broken" and it was hard for him to breath.  Am. Compl. at 4.  Plaintiff was handcuffed and escorted to the clinic.  *Id*.  Plaintiff asked Donah to remove his mask

---

[1]  The Clerk of the Court is directed to substitute Donah for Donner on the Docket Report.

[2]  The Clerk of the Court is direct to amend the Docket Report to include this defendant.

because he was having difficulty breathing, but Donah refused and pushed plaintiff's head into a wall.  *Id*.  Donah forced plaintiff to the ground, got on top of him, "sexually assaulted" him, and told plaintiff to "imagine his [expletive] inside of [him]."  *Id*.  Donah "taunted" plaintiff with derogatory and explicit language.  Am. Compl. at 4-5.

When he arrived at the infirmary, Donah told the Medical Doctor that plaintiff was "out of control" and the Medical Doctor "went up on the medication, at that time" without an individualized assessment.  Am. Compl. at 7, 9.

On March 25, 2021, plaintiff was "assaulted" by "officers" in the presence of "doctors" and "the sergeant."  Am. Compl. at 5.

Construing the amended complaint liberally[3], plaintiff alleges the following: (1) Eighth Amendment excessive force claims against Donah; (2) Fourteenth Amendment substantive due process claims against Donah and Medical Doctor; and (3) Eighth Amendment deliberate medical indifference claims against Medical Doctor.  *See generally* Am. Compl.  Plaintiff seeks monetary damages.  *Id*. at 13.

### C.  Analysis

#### 1.  Eighth Amendment – Excessive Force

The Court set forth the law related to Eighth Amendment excessive force claims in the March Order, and will not restate it herein.  *See* Dkt. No. 12 at 9-10.

---

[3]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdic*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

Plaintiff's Eighth Amendment excessive force claims related to the March 24, 2021 use of force incidents against Donah are repeated and realleged in the amended complaint.  For the reasons set forth in the March Order, defendant is directed to respond to this claim.

A different conclusion is reached however, with respect to plaintiff's excessive force claims related to the use of force on March 25, 2021.  *See* Am. Compl. at 5.  The amended complaint lacks facts suggesting that Donah was personally involved in this use of force. Plaintiff claims, "I was once again assaulted and taunted by officers."  *Id.*  Plaintiff claims he was not given "protection by either of them or the staff" and that "it was in front of the sergeant of that area and doctors."  *Id.*  Because plaintiff has not identified the officers, sergeant, or doctors who were involved with or present during the incident and, has not provided any facts related to where and when the incident occurred, plaintiff's Eighth Amendment claims related to this incident are dismissed.

### 2.  Fourteenth Amendment – Substantive Due Process

"Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense . . . but not against government action that is 'incorrect or ill-advised.' "  *Lowrance v. Achtyl,* 20 F.3d 529, 537 (2d Cir.1994) (internal quotation marks and citations omitted).  "To establish a violation of substantive due process rights, a plaintiff must demonstrate that the state action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Okin v. Village of Cornwall–On–Hudson Police Dep't,* 577 F.3d 415, 431 (2d Cir. 2009) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998)).

"Very few conditions of prison life are 'shocking' enough to violate a prisoner's right to substantive due process.  In *Sandin v. Conner*, the Supreme Court provided only two examples: the transfer to a mental hospital and the involuntary administration of psychotropic drugs." *Samms v. Fische*r, No. 10–CV–349 (GTS/GHL), 2011 WL 3876528, at *12 (N.D.N.Y. Mar.25, 2011) (citations omitted).  However, "[w]here a particular constitutional amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing' such a claim." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)); *see Bryant v. City of New York*, 404 F.3d 128, 135–36 (2d Cir. 2005).

Plaintiff claims that Donah subjected him to excessive force in violation of his substantive due process rights.  Am. Compl. at 10.  Plaintiff's substantive due process claim is based upon events surrounding the excessive force incident.  Since the Eighth Amendment provides an explicit textual source for the specific constitutional protection in question, plaintiff's substantive due process claim is improper, and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.  *See Rother v. NYS Dep't of Corrs. and Cmty. Supervision*, 970 F.Supp. 2d 78, 100 (N.D.N.Y. 2013) ("[S]ubstantive-due-process claims must be dismissed where they are 'merely duplicative of claims explicitly protected under other constitutional sources.' ") (quoting *Roman v. Velleca*, 2012 WL 4445475, *10 (D.Conn. Sept. 25, 2012)).

A different conclusion is reached with respect to plaintiff's Fourteenth Amendment claim against the Medical Doctor.  The Fourteenth Amendment protects the right of a competent person to refuse unwanted medical treatment.  *Cruzan v. Dir., Mo. Dep't of Health*,

497 U.S. 261, 278 (1990) (recognizing "[t]he principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment").  The Second Circuit has held, "[i]t is a firmly established principle of the common law of New York that every individual of adult years and sound mind has a right to determine what shall be done with his own body and to control the course of his medical treatment."  *Kulak v. City of New York*, 88 F.3d 63, 74 (2d Cir.1996) (quoting *Rivers v. Katz*, 67 N.Y.2d 485, 492 (1986)). Such a right may be set aside only in narrow circumstances, including those where the patient "presents a danger to himself or other members of society or engages in dangerous or potentially destructive conduct with the institution."  *Kulak v. City of New York,* 88 F.3d 63, 74 (2d Cir. 1996).

At this juncture, the Court finds that the amended complaint contains allegations sufficient to state a Fourteenth Amendment claim against the Medical Doctor.  *See Muhammad v. Rabinowitz*, No. 11 Civ. 2428, 2012 WL 1155098, at *4 (S.D.N.Y. Apr. 6, 2012) (the plaintiff alleged sufficient facts including the facility where he was located, the individuals involved, and the time period to support a claim of involuntary administration of medication under the Due Process Clause of the Fourteenth Amendment).   In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment.[4]

### 3.  Eighth Amendment – Deliberate Medical Indifference

---

[4] If plaintiff wishes to pursue his claims against defendant Medical Doctor, he must take reasonable steps to ascertain through discovery the identity of the individual.   Upon learning the identity of the unnamed defendant, plaintiff must amend the operative complaint to properly name the individual as a party.  If plaintiff fails to ascertain the identity of the Medical Doctor so as to permit timely service of process, all claims against the individual will be dismissed.

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Second Circuit, in addressing the needs protected by the Eighth Amendment, has stated that sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi,* 573 F.2d 118, 125 (2d Cir.1978), *rev'd on other grounds sub nom. Bell v. Wolfish,* 441 U.S. 520 (1979); *Lareau v. Manson*, 651 F.2d 96, 106 (2d Cir. 1981).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.' " *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Estelle, 429 U.S. at 104). "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Id.* (internal quotation marks and citations omitted). "Determining whether a deprivation is an objectively serious deprivation entails two inquiries[:] [1] ... whether the prisoner was actually deprived of adequate medical care[; and 2] ... whether the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006) (citations omitted).

The first inquiry under the objective component requires examining "whether the prisoner was actually deprived of adequate medical care." *Salahuddin*, 467 F.3d at 279. Prison officials who act "reasonably" in response to an inmate's health risk will not be found liable because the official's duty is only to provide "reasonable care." *Id.* at 279-80 (citing *Farmer v. Brennan,* 511 U.S. 825, 844-47 (1970)).

The second inquiry under the objective component requires examining whether the purported inadequacy in the medical care is "sufficiently serious." *Salahuddin*, 467 F.3d at 280. If the "unreasonable care" consists of a failure to provide any treatment, then the court

must examine whether the inmate's condition itself is "sufficiently serious."  *Id*. (citing *Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003)).  A condition is "sufficiently serious" in objective terms if it presents "a condition of urgency, one that may produce death, degeneration, or extreme pain exists."  *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Plaintiff alleges that the Medical Doctor was deliberately indifferent because he administered 100 mg of a "medical shot" when plaintiff was prescribed 50 mg.  Am. Compl. at 5.  Plaintiff does not allege that defendant disregarded his medical needs or acted with culpable intent.  Essentially, plaintiff's allegations amount to a disagreement with defendant's course of treatment, which is insufficient to establish an Eighth Amendment violation.  *See Brown v. Ionescu,* No. 02 CIV. 1218, 2004 WL 2101962, at *4 (S.D.N.Y. Sept. 21, 2004) (finding allegations that the defendant inserted a stent to treat kidney stones without the plaintiff's consent amounted to a disagreement that could support a Fourteenth Amendment claim, but not an Eighth Amendment claim); s*ee also Duva v. Riverhead Corr. Fac. Med. Dep't*, 2019 WL 5537250, at *2 (E.D.N.Y. Oct. 25, 2019) ("A medication error alone, as to either the type or dose of medication, is not deliberate indifference. It is, at most, medical malpractice, which is not actionable under § 1983.") (citation omitted).

Accordingly, plaintiff's Eighth Amendment deliberate medical indifference claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## III.    CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 21) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall (i) revise the docket to reflect that Donah is substituted as a defendant for Donner in this action; and (ii) revise the docket to reflect that Medical Doctor is a defendant in this action; and it is further;

**ORDERED** that the following claims survive review and require a response:  (1) Eighth Amendment excessive force claims related to the events on March 21, 2021 against Donah; and (2) Fourteenth Amendment due process claim against Medical Doctor; and it is further

**ORDERED** that the remaining claims in the amended complaint are **DISMISSED** without leave to replead; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with copies of the amended complaint, to the United States Marshal for service upon the defendant.  The Clerk shall forward a copy of the summons and amended complaint to the Office of the Attorney General, together with a copy of this Decision and Order, by electronic mail only; and it is further

**ORDERED** that a response to the amended complaint be filed by the defendant, or counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED** that plaintiff shall take reasonable steps through discovery to ascertain the identity of defendant Medical Doctor.  Plaintiff's failure to timely serve this defendant will result in dismissal of the claims asserted against him/her and termination of defendant from the action; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action

must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: June 21, 2024

Brenda K. Sannes
Chief U.S. District Judge