**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MOHAMED MUSAID,

Plaintiff, 9:23-cv-257 (BKS/PJE)

v.

DONAH and MEDICAL DOCTOR,

Defendants.

---

**Appearances:**

*Plaintiff Pro Se:*
Mohamed Musaid
16-A-1673
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

*For Defendant Donah:*
Letitia James
Attorney General for the State of New York
Elizabeth V. Lombardi
Assistant Attorney General
300 South State Street - Suite 300
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff pro se Mohamed Musaid brought this action under 42 U.S.C. § 1983 alleging claims arising out of his incarceration at the Clinton Correctional Facility. (Dkt. No. 1). Plaintiff's amended complaint stated two claims that survived review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A: a Fourteenth Amendment due process claim against an unidentified

defendant ("the medical doctor") who allegedly forced Plaintiff to take a monthly shot that caused serious medical problems, and an Eighth Amendment excessive force claim against Defendant Donah, the correctional officer who allegedly used force to escort Plaintiff for the monthly shot. (Dkt. No. 25). Plaintiff never identified the medical doctor. On September 15, 2025, Defendant Donah moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies, and that Plaintiff's Eighth Amendment claim should also be dismissed because he failed to establish a physical injury or sexual act. (Dkt. No. 51-2). Plaintiff failed to respond to the motion for summary judgment despite having received the requisite notice for a pro se plaintiff. (Dkt. No. 53; *see* N.D.N.Y. L.R. 56.2).

On October 30, 2025, law library clerks at Green Haven Correctional Facility filed a document with the Court, verified by Plaintiff, questioning the ability of Plaintiff to proceed in this action. This submission states that a state court judge found that Plaintiff "lacks the capacity to make a reasoned decision with respect to the course of treatment with psychotropic medication"; that "plaintiff is not fit to proceed in this pending action"; and that Plaintiff "requires legal assistance which would require licensed counsel beyond that of the law library clerks at Green Haven." (Dkt. Nos. 56, 57). The submission sought a court hearing, with mental health personnel, to evaluate Plaintiff's competency. (*Id.*).

This matter was assigned to United States Magistrate Judge Paul J. Evangelista who, on July 17, 2026, issued a Report-Recommendation recommending that Defendant's motion for summary judgment be granted in its entirety because plaintiff failed to exhaust his administrative remedies; that plaintiff's motion seeking the appointment of counsel be denied as moot and his request for a competency hearing be denied; and that the Doe defendant medical doctor, be sua sponte dismissed from this action without prejudice, due to plaintiff's failure to identify and serve

the defendant. (Dkt. No. 58). Magistrate Judge Evangelista advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 32).

On August 26, 2026, the Court received a letter signed by Plaintiff, stating that it was written by a clerk in the law library at Auburn Correctional Facility. (Dkt. No. 59). The letter states that "today Plaintiff brought in a law suit that was filed on his behalf"; that "he medically not fit to pursue this law suit in any manner by himself"; and "[t]he medication that he is under makes it impossible." (*Id.*). The letter seeks an extension of time to find counsel or for appointment of counsel. (*Id.*).

## II. DISCUSSION

### A. The Report-Recommendation

Although Plaintiff testified that he filed a grievance about the alleged assault, Magistrate Judge Evangelista noted that there was no evidence in the record of any grievance. (Dkt. No. 58, at 14–19). Magistrate Judge Evangelista considered Plaintiff's assertion that an unknown correctional officer prevented Plaintiff from filing a grievance, but rejected it as a basis for establishing unavailability of the grievance process because Plaintiff's allegation was "entirely conclusory." (*Id.* at 23). Magistrate Judge Evangelista therefore concluded that Plaintiff failed to exhaust his administrative remedies as to the excessive force claim against Defendant Donah. (*Id.* at 24). Plaintiff's sexual assault claim against Defendant Donah failed because there was no evidence that Plaintiff "file[d] a grievance or otherwise report[ed] the alleged sexual abuse or harassment to any individual at the Clinton CF, any outside agency, the OSI or in writing to CORC." (*Id.* at 26). Magistrate Judge Evangelista considered Plaintiff's request for appointment

of counsel, and the New York State Supreme Court order directing that Plaintiff be given psychiatric medication involuntarily. (*Id.* at 27–28). He found that appointment of counsel was unwarranted, noting that Plaintiff has no constitutional right to the assistance of counsel and Plaintiff's claims are "highly dubious" because he did not exhaust his administrative remedies. (*Id.*). "To the extent" Plaintiff was requesting a competency hearing, Magistrate Judge Evangelista denied that request, noting that "it does not appear that plaintiff's medical condition(s) has prevented him in any way from participating in this action or litigating his case." (*Id.* at 28 n.15). Accordingly, Magistrate Judge Evangelista recommended granting the motion for summary judgment because Plaintiff failed to exhaust his administrative remedies, denying the motion for appointment of counsel and a competency hearing and dismissing the Doe Defendant medical doctor sua sponte without prejudice due to Plaintiff's failure to identify and serve that defendant. (*Id.* at 31–32).

**B. Discussion**

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Although Plaintiff's August 26, 2026 submission, stating that Plaintiff is "medically not fit to pursue this lawsuit" and the "medication that he is under makes it impossible," is untimely as an objection to the Report-Recommendation, considering the competency issue it raises, and the fact that the submission reflects that Plaintiff has at some point moved to a different facility, the Court will consider the objection. *See McDay v. Eckert*, No. 20-00233, 2023 WL 12118651, at *4, 2023 U.S. Dist. LEXIS 24793 at *11 (W.D.N.Y. Aug. 9, 2023) ("[I]t remains within the court's discretion to consider a party's objections, even if untimely, for good cause shown and if

warranted by the circumstances presented in a particular case.") (internal quotation marks omitted). Having reviewed this issue de novo, for the reasons set forth below, the Court finds that there are sufficient questions about Plaintiff's competence to trigger the Court's duty to consider whether Fed. R. Civ. P. 17(c)(2) applies, requiring the appointment of a guardian ad litem, and in any event requiring the Court to consider this issue and Plaintiff's apparent language barrier in assessing whether to appoint counsel.

The treatment order, issued by a state supreme court justice on October 5, 2020, authorized medical professionals at the New York State Department of Corrections and Community Supervision and the New York State Office of Mental Health to treat Plaintiff with antipsychotic and mood stabilization medicine over Plaintiff's objection. (Dkt. No 51-12). The order followed a hearing where a doctor and the Plaintiff testified. (*Id.*). The state court found that Plaintiff "is suffering from a mental illness"; that Plaintiff "is refusing the course of treatment with psychotropic medication prescribed for him by his treating psychiatrist"; and that Plaintiff "lacks the capacity to make a reasoned decision with respect to the course of treatment with psychotropic medication proposed." (*Id.*).

Although Plaintiff has, as Magistrate Judge Evangelista noted, litigated this case prior to the motion for summary judgment, the documents in the record indicate that Plaintiff's submissions were prepared by law clerks at the facilities. *See*, *e.g.*, Dkt. No. 59, at 1 ("[Plaintiff] did not file those grievances and file the law suit himself. Everything was filed on his behalf."); Dkt. No. 56, at 1 ("The complaint was not written by him"). On February 22, 2024, a law clerk helping Plaintiff attempt to identify the Doe Defendant medical doctor wrote the Court a letter on Plaintiff's behalf, stating "I must notify this Court that [Plaintiff] is housed in a mental health housing program due to his mental defect and it is unlikely that the author of this letter will be

available to [Plaintiff] for the future, that it would be in the best interest of justice for this Court to assign counsel to [Plaintiff] in this matter." (Dkt. No. 17, at 2). The Court notes that the last item which appears to have been filed by Plaintiff himself on the docket, on June 18, 2025, states simply "I will send you this letter about my lawsue like before. I ned my. case number on" (Dkt. No. 48).

During his deposition Plaintiff testified that he cannot read English. (Dkt. No. 51-7, at 32). He appeared to repeatedly have trouble understanding the questions, and said that his English was not good. (*Id.* at 7–8, 25; *see id.* at 27–28 (explaining that he has a seventh grade education and that he had one English class in seventh grade)). Plaintiff testified that someone at Attica helped him write the complaint. (*Id.* at 34).

Given Plaintiff's apparent difficulty with English, the record does not clearly reflect whether Plaintiff asserts that he actually filed a grievance or whether he claims that the grievance was not filed because an unknown correction officer did not let him file a grievance. When asked "did you know how to file a grievance at Clinton," Plaintiff said, "Yes, I filed grievance." (*Id.* at 106). Plaintiff, however, continued:

> But the officers, the C.O. – the C.O. I go to see him, he tell me he going to beat you up against who? Against us? Against us. Him is not let me. I see – I see grievance. Him is not let me. . . I see grievance. Him call me and I go to him. Two times I go to him. Him not let me. I see him.

(*Id.* at 106–07). Plaintiff later said "him tell me don't see – don't see -- the grievance. Don't see grievance. I told the officer, she's not let me I see grievance." (*Id.* at 108). Plaintiff testified he was in OMH [the Office of Mental Health] and then SHU [the Special Housing Unit] after he got his injections. (*Id.*). When asked if it was "a SHU officer [who] wouldn't let you file a

grievance," Plaintiff said "huh?" When asked if he filed a grievance about this incident when he was in the SHU, he said "yes." But again Plaintiff immediately qualified this: "But him is not let me. I see him the C.O. Him is not let me. I – I see him call me grievance him is not let me. . . ." (*Id.* at 109–10).

During the deposition, the Assistant Attorney General asked Plaintiff if he would sign a release form to enable her to get the OMH records, and he agreed to do so. (*Id.* at 38–39, 140).

A court may not determine on its merits the claim of an incompetent person "who is not properly represented." *James v. New York*, 415 Fed. Appx. 295, 297 (2d Cir. 2011) (citing *Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). The Second Circuit has stated that "absent actual documentation or testimony by a mental health professional, a court of record or a relevant public agency, the district court is not required to undertake an inquiry into a pro se litigant's mental capacity." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003). Here there is no record of a finding of incompetency. But in light of the court order authorizing DOCCS and OMH to medicate Plaintiff because "lacks the capacity to make a reasoned decision with respect to the course of treatment with psychotropic medication," (Dkt. No. 51-12 at 2), and the submissions from the law library law clerks including the most recent submission stating that Plaintiff's medication "makes it impossible" for him to "pursue this law suit in any manner by himself" (Dkt. No. 59), the Court finds that there are sufficient questions about Plaintiff's competence to trigger the Court's duty to consider whether Rule 17(c) applies. *See*, *e.g.*, *Cannon v. Port Authority of New York and New Jersey*, No. 15-cv-4579, 2017 WL 4084048, at *2, 2017 U.S. Dist. LEXIS 149277, at *4–7 (S.D.N.Y. Sept. 13, 2017). In any event, Magistrate Judge Evangelista is further requested to consider whether Plaintiff has language barriers, in assessing whether to appoint counsel. *See*, *e.g.*,

*Montalvo v. Lamy*, No. 14-cv-6251, 2016 WL 3946790, at *1–2, 2016 U.S. Dist. LEXIS 96059, at *1–5 (W.D.N.Y. July 22, 2016).

For the foregoing reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 58) is rejected; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 51) is denied, without prejudice to renewal, after Magistrate Judge Evangelista considers whether appointment of a guardian ad litem under Fed. R. Civ. P. 17(c) is necessary to protect Plaintiff's interest in this case and whether appointment of counsel is appropriate; and it is further

**ORDERED** that Defendant is directed to submit by October 1, 2026, the results of any competency evaluations of Plaintiff and a letter brief informing the Court of its position as to whether a guardian ad litem must be appointed to protect Plaintiff's interests and assume control over the litigation; and it is further

**ORDERED** that Plaintiff may respond to this order, with any relevant documentation, by October 1, 2026; and it is further

**ORDERED** that Plaintiff's motion for an extension of time to obtain counsel (Dkt. No. 59), is **DENIED** as moot; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 15, 2026
Syracuse, New York

Brenda K Sannes

Brenda K. Sannes
Chief U.S. District Judge